Opinion filed January 30, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed January 30,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00242-CR 

                                                     __________

 

                                  QUINCY
RICHARDSON, Appellant

 

                                                             V.

                                 
STATE OF TEXAS, Appellee

 



 

                                             On
Appeal from 268th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR32733

 



 

                                             M
E M O R A N D U M   O P I N I O N

Quincy
Richardson was convicted of possession of a controlled substance, namely
cocaine, in the amount of less than one gram.  The trial court sentenced him to
confinement for one year in the Texas Department of Criminal Justice, State
Jail Division.  That sentence was suspended, and appellant was placed on
community supervision for three years.  We affirm. 

                                                               Background
Facts








Officer
Neil Truex testified that he was conducting surveillance in a known area for
open air trafficking of narcotics called the Aflats.@  Officer Truex testified
that open air trafficking of narcotics is when a Acar
will pull up along a curb, the dealer will run out to the car, make contact
with the driver or the passenger or whoever.  They=ll do a hand-to-hand exchange of narcotics for
money.@ Officer Truex
further testified that, when he conducts surveillance, he watches for vehicles
that pull up, park along the curb, and stay for a couple of minutes at most. 
This shows him that there was not enough time to go into a business and that
they are just there to buy drugs.

On
the night of the incident, Officer Truex observed suspicious behavior by
appellant consistent with an open air drug deal.  He testified that he observed
the driver of a white pickup park the pickup along the curb for a few minutes
and then leave.  Officer Truex followed the vehicle as it left the Aflats.@  Officer Truex observed
the driver of the vehicle make an illegal wide right turn, and he activated his
flashing lights to stop appellant.  Officer Truex stated that the driver of the
vehicle traveled on for a few blocks before he stopped.  Officer Truex
testified that he identified appellant in the vehicle, that he asked for
consent to search the vehicle, and that appellant gave him consent.  Officer
Truex testified that the whole pickup had computer parts and papers in it.  He
stated that, under the papers on the passenger seat, he found a substance that
later tested positive for crack cocaine.

At
trial, appellant stipulated to the fact that the substance found was crack
cocaine.  The only thing he contested at trial was possession.  Appellant
testified that he parked his vehicle, left it running, and left the windows
down.  He went into one of the bars, bought a beer, and left with it.  Appellant
testified that in the past he has seen people throw things in the back of a
pickup when the police run up on them and that he has seen someone throw crack
into somebody else=s
vehicle.  He further testified that he did not purchase crack cocaine and that
he did not know that there was anything in his vehicle.

Issue
on Appeal 

Appellant
asserts in one issue that the evidence was legally and factually insufficient
to establish that he was guilty of possessing cocaine. 

Standard
of Review








In
order to determine if the evidence is legally sufficient, we review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). 
The factfinder is the sole judge of the credibility of the witnesses and the
weight to be given their testimony.  Adelman v. State, 828 S.W.2d 418,
421 (Tex. Crim. App. 1992). The factfinder may choose to believe or disbelieve all or any part of any witness=s testimony.  Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

To
determine if the evidence is factually sufficient, the appellate court reviews
all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v. State, 144
S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex.
Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  Then, the reviewing court determines whether the evidence supporting
the verdict is so weak that the verdict is clearly wrong and manifestly unjust
or whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson, 204 S.W.3d at 414-15; Johnson, 23
S.W.3d at 10-11.

Analysis


In
a possession of a controlled substance case, the State must show that the
accused exercised control, management, or care over the substance and that the
accused knew the matter possessed was contraband.  The evidence must establish
that the defendant=s
connection with the drug was more than fortuitous.  Evans v. State, 202
S.W.3d 158, 161 (Tex. Crim. App. 2006).  If the accused was not in exclusive
possession of the contraband, the State is required to present evidence
affirmatively linking him to it.  Poindexter v. State, 153 S.W.3d 402,
406 (Tex. Crim. App. 2005).  This is the affirmative links rule that protects
the innocent bystander from conviction merely because of his proximity to
someone else=s drugs. 
Evans, 202 S.W.3d at161-62.  Mere presence at the location where drugs
are found is insufficient, by itself, to establish actual care, custody, or
control of those drugs.  Id.  However, presence or proximity, when
combined with other evidence, may well be sufficient to establish that element
beyond a reasonable doubt.  Id. 








The
evidence shows that appellant was the driver and the only person in the vehicle
when the search was conducted. Appellant was in close proximity to the drugs
that were found on the passenger seat.   Officer Truex testified that appellant=s actions at the area known
as the Aflats@ were consistent with the
actions of an open air drug deal.  The jury was free to disbelieve appellant=s  testimony about someone
dropping the drugs into his vehicle while he went into the bar.   There was
legally and factually sufficient evidence to show that appellant was in
possession of the crack cocaine.  We overrule appellant=s issue on appeal. 

Holding

We
affirm the judgment of the trial court. 

 

 

RICK STRANGE

JUSTICE

 

January 30, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.